UNITED STATES DISTRICT COURT

SOUTHERN DISTRICT OF CALIFORNIA

| UNITED STATES OF AMERICA, | Case No. 21CR1275-BAS |
|---|---|
| Plaintiff, | INFORMATION |
| v. | 18 U.S.C. 1347 – Health Care Fraud |
| RONALD JAMES GREEN, | |
| Defendant. | |

The United States charges:

**INTRODUCTORY ALLEGATIONS**

At all times material to this Information:

1. TRICARE was a health care insurance program of the United States Department of Defense. TRICARE provided civilian health benefits for U.S. military, military retirees, and military dependents all around the world. The TRICARE program provided medical coverage for uniformed service members including those who were active duty and reservists and their families, survivors and former spouses ("TRICARE beneficiaries").

2. In order to pay a claim for medical benefits, TRICARE required that the item or service billed must be medically necessary, properly prescribed by a licensed physician and actually provided to a TRICARE beneficiary.

//

//

1. 3. TRICARE had strict regulations regarding the use of Telemedicine as a method of treating TRICARE patients. TRICARE did not consider telemedicine a substitute for face-to-face health care except in certain limited situations. One proper use of a telemedicine "visit" was when the patient could not meet a medical professional face-to-face because they were in a remote location. Another proper use of a telemedicine "visit" was a situation in which there was a need for continuity of care with a specific medical professional. In addition, the originating site where the beneficiary was located for the telemedicine "visit" must be a location where an authorized TRICARE provider normally provided medical services to TRICARE beneficiaries. A patient's home was not a proper originating site for a telemedicine "visit." In addition, proper telemedicine service required the use of some sort form of video technology in which the patient and the medical professional could see each other and visually interact with each other.

4. Pharmacy compounding was a practice in which a licensed pharmacist or a licensed physician combined, mixed or altered ingredients of a drug to create a medication tailored to the particular needs of an individual patient.

5. TRICARE contracted with Express Scripts, Incorporated (ESI) to administer pharmacy benefits for the TRICARE program, specifically for the processing and payment of claims.

6. TRICARE was a "health care benefit program . . . affecting commerce" as defined by Title 18, United States Code, Section 24(b), and a "Federal health care program," as defined by Title 42, United States Code, Section 1320-7b(f).

//
//

## The Defendant and Related Entities

7. Brookhaven Specialty Pharmacy, LLC. ("Brookhaven") was a corporation organized under the laws of the State of Oklahoma that purportedly provided pharmaceutical drugs and compounded medications to TRICARE beneficiaries.

8. John Frohrip (charged elsewhere), a resident of the State of Oklahoma, was a principal of Brookhaven.

9. NHS Pharma, Inc. and NHS Pharma Sales Inc., collectively ("NHS") were corporations organized under the laws of the State of California that purported to provide pharmacy billing and sales marketing services for Brookhaven.

10. Melinda Elizabeth Green (charged elsewhere), a resident of San Diego County, California, was an officer of NHS.

11. Charles Ronald Green, Jr., (charged elsewhere), a resident of San Diego County, California, was an officer of NHS.

12. SKR Services and Ventures, LLC. ("SKR") was a corporation organized under the laws of the State of Florida that purported to market compounded medications to TRICARE beneficiaries.

13. Med Health Quest Inc. ("MHQ") was a corporation organized under the laws of the State of Texas that purported to market compounded medications to TRICARE beneficiaries.

14. Senthil Ramamurthy (charged elsewhere), a resident of the State of Florida and later the States of Texas and California, was an owner of SKR and MHQ.

15. MHQ Ventures, LLC. ("MHQV") was a corporation organized under the laws of the State of Texas that purported to market compound medications to TRICARE beneficiaries.

16. Anthony Mauzy (charged elsewhere), a resident of the state of Texas, was an owner and operator of MHQV.

17. Defendant Ronald James Green was a "marketing rep liaison" for NHS.

## Count 1

## 18 U.S.C. § 1347

## Health Care Fraud

18. Paragraphs 1 through 17 of this Information are re-alleged and incorporated by reference as though fully set forth herein.

19. Beginning in or around January 2015, and continuing through in or around June 2015, within the Southern District of California and elsewhere, defendant RONALD JAMES GREEN in connection with the delivery of and payment for health care benefits, items, and services, did knowingly and willfully execute, and attempt to execute, a scheme and artifice to defraud a health care benefit program affecting commerce, as defined by Title 18, United States Code, Section 24(b), that is, TRICARE, and to obtain, by means of materially false and fraudulent pretenses, representations, and promises, money and property owned by, and under the custody and control of, said health care benefit program.

## Purpose of the Scheme and Artifice

20. It was a purpose of the scheme and artifice for the defendant, Melinda Elizabeth Green, Charles Ronald Green, John Frohrip, Senthil Ramamurthy, Anthony Mauzy and others to unlawfully enrich themselves by, among other things: (a) paying and receiving kickbacks in exchange for the referral of TRICARE beneficiaries and their accompanying prescriptions to Brookhaven, without regard to any medical necessity for the prescribed compounded medications; (b) paying kickbacks to

health care providers and telemedicine companies in exchange for ordering and arranging for the ordering of compounded medicines for TRICARE beneficiaries, without regard for any medical necessity for the prescribed compounded medications; (c) submitting and causing the submission of false and fraudulent claims for compounded medications to TRICARE via interstate wire communication; (d) concealing the fraudulent nature of the claims submitted to TRICARE, and the receipt of and transfer of kickback proceeds; and (e) diverting kickback proceeds for their personal use and benefit, the use and benefit of others and to further the fraud.

**The Scheme and Artifice**

The manner and means by which the defendant and his accomplices sought to accomplish the objective of the scheme and artifice included the following:

21. The defendant, Melinda Elizabeth Green, Charles Ronald Green, Senthil Ramamurthy, Anthony Mauzy, John Frohrip and others engaged in a scheme and artifice to defraud the United States through TRICARE by causing compounding pharmacies, including Brookhaven, to make false and fraudulent claims on TRICARE for medically unnecessary compounded medications that were dispensed pursuant to false and fraudulent prescriptions obtained through a system of illegal health care kickbacks.

22. Brookhaven and other compounding pharmacies paid NHS kickbacks in exchange for referring false and fraudulent prescriptions for compounded medications belonging to TRICARE beneficiaries.

23. NHS paid a portion of the kickbacks received from compounding pharmacies to SKR, MHQ, MHQV and other so-called marketing organizations in exchange for, and as a further inducement to those organizations to

refer prescriptions for compounded medications belonging to beneficiaries of health care benefit programs, including TRICARE.

24. Defendant and his accomplices caused Brookhaven and other compounding pharmacies to submit claims to TRICARE for compounded medications that were not medically necessary and not properly prescribed by a licensed medical professional.

25. Defendant and other members of the health care fraud scheme intentionally waived the collection of required copayments and concealed these waivers from health care benefit programs, including TRICARE.

26. As result of these claims, health care benefit programs, including TRICARE, made payments to Brookhaven.

**Acts in Execution or Attempted Execution of the Scheme and Artifice**

27. On or about May 4, 2015, in the Southern District of California, and elsewhere, the defendant RONALD JAMES GREEN, in connection with the delivery of and payment for health care benefits, items and services, did knowingly and willfully execute, and attempt to execute, the above-described scheme and artifice to defraud health care benefit programs affecting commerce, as defined by Title 18, United States Code, Section 24(b), that is TRICARE, and to obtain, by means of materially false and fraudulent pretenses, representations, and promises, money and property owned by, and under the custody and control of, said health care benefit programs, in that the defendant submitted and caused the submission by Brookhaven to TRICARE of a false and fraudulent claim, in the approximate amount of $14,178, for TRICARE beneficiary J.D., with prescription number 104991 for compounded medications including Baclofen Powder, which falsely represented that

said medications were medically necessary and properly prescribed as required by law.

In violation of Title 18, United States Code, Section 1347.

DATED: 5/20/2021.

RANDY S. GROSSMAN
Acting United States Attorney

*Kevin J. Larsen*
_____
KEVIN J. LARSEN
Assistant U.S. Attorney

7